

Edwin Aiwazian (SBN 232943)
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PATRICK RIVERA JR., CHRISTOPHER GONZALEZ, ARIS GUERRERO, ASHDEN RUSSELL, JESSE RAMOS, individually, and on behalf of other members of the general public similarly situated;

Plaintiffs,

vs.

JELD-WEN, INC., a Delaware corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.: 3:21-cv-01816-AJB-AHG

Hon. Anthony J. Battaglia

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(8) Violation of California Business & Professions Code §§ 17200, et seq.
(9) Violation of 15 U. S.C. § 1681b Fair Credit Reporting Act);

**DEMAND FOR JURY TRIAL**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

COME NOW, Plaintiffs PATRICK RIVERA JR. ("Plaintiff RIVERA"), CHRISTOPHER GONZALEZ ("Plaintiff GONZALEZ"), ARIS GUERRERO ("Plaintiff GUERRERO"), ASHDEN RUSSELL ("Plaintiff RUSSELL"), and JESSE RAMOS ("Plaintiff RAMOS") (collectively "Plaintiffs"), individually, and on behalf of other members of the general public similarly situated, and allege as follows:

## JURISDICTION AND VENUE

1. This class action was originally brought in the Superior Court for the County of San Diego brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for each named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. The Superior Court for the County of San Diego has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. The Superior Court for the County of San Diego has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in the Superior Court for the County of San Diego is Court because, upon information and belief, Defendant maintains offices, has

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

agents, employs individuals, and/or transacts business in the State of California, County of San Diego. The majority of acts and omissions alleged herein relating to Plaintiffs and the other class members took place in the State of California, including the County of San Diego.

## **PARTIES**

5.     Defendant JELD-WEN, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of San Diego.

6.     At all relevant times, Defendant JELD-WEN, INC. was the "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

7.     At all times herein relevant, Defendants JELD-WEN, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

8.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names.  Plaintiffs is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint. ///

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

9.    Defendant JELD-WEN, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

10.    Plaintiffs further allege that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

11.    Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

12.    The proposed class is defined as follows:

**Wage Class:** All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from August 9, 2017 to final judgment.

**Subclass A.** All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all non-discretionary bonuses or other incentive-based compensation in the calculation of the regular rate of pay for overtime pay purposes.

**Subclass B.** All class members who were subject to Defendants' practice of rounding time recorded for purposes of calculating compensation for time worked or for calculating meal periods.

**Subclass C.** All class members who were required by Defendants to stay on Defendants' premises for rest breaks.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FCRA Class:** All of Defendants' current and former employees and prospective applicants for employment in the United States who applied for a job with Defendants on whom a background check was performed at any time during the period from August 9, 2016 to final judgment.

13. Plaintiffs reserve the right to establish additional classes or subclasses as appropriate.

14. The class is ascertainable and there is a well-defined community of interest in the litigation:

    a.   Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b.   Typicality: Plaintiffs' claims are typical of all other class members' as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

    c.   Adequacy: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs has no interest that is antagonistic to the other class members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

15.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.  Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required

///

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

overtime compensation to Plaintiffs and the other class members;

d.    Whether Defendants deprived Plaintiffs and the other class members of meal and/or rest periods or required Plaintiffs and the other class members to work during meal and/or rest periods without compensation;

e.    Whether Defendants failed to pay minimum wages to Plaintiffs and the other class members for all hours worked;

f.    Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

g.    Whether Defendants failed to timely pay all wages due to Plaintiffs and the other class members during their employment;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.    Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

k.    Whether Defendants' conduct was willful or reckless;

l.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.    Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 section 101(c)(l);

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

n.   Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

o.   Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

p.   Whether Defendants willfully failed to comply with the FCRA;

q.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of law; and

r.   Whether Plaintiffs and the other class members are entitled to compensatory damages.

## GENERAL ALLEGATIONS

16.   At all relevant times set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California, including the County of San Diego.

17.   Defendants, jointly and severally, employed Plaintiff RIVERA as an hourly-paid, non-exempt Shipping and Receiving employee, from approximately July 12, 2019 to approximately November 25, 2019, in the State of California, County of San Diego.  Plaintiff RIVERA's rate of pay was $14.00 per hour

18.   Defendants, jointly and severally, employed Plaintiff GONZALEZ as an hourly-paid, non-exempt Cable Captain, from approximately April 24, 2017 to approximately February 6, 2020, in the State of California, County of San Diego. Plaintiff GONZALEZ's rate of pay was $17.70 per hour.

19.   Defendants, jointly and severally, employed Plaintiff GUERRERO as an hourly-paid, non-exempt Machine Operator, from approximately June 20, 2019 to approximately January 13, 2020, in the State of California, County of San Diego. Plaintiff GUERRERO's rate of pay was $14.00 per hour.

**LAWYERS _for_ JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

20. Defendants, jointly and severally, employed Plaintiff RUSSELL as an hourly-paid, non-exempt Assembler, from approximately September 17, 2018 to approximately January 31, 2020, in the State of California, County of San Diego. Plaintiff RUSSELL's rate of pay was $16.25 per hour.

21. Defendants, jointly and severally, employed Plaintiff RAMOS as an hourly-paid, non-exempt Chainsaw Operator, from approximately February 4, 2008 to approximately July 25, 2019, in the State of California, County of San Diego.  Plaintiff RAMOS' rate of pay was $19.32 per hour.

22. Defendants hired Plaintiffs and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

23. Defendants had the authority to hire and terminate Plaintiffs and the other class members, to set work rules and conditions governing Plaintiffs' and the other class members' employment, and to supervise their daily employment activities.

24. Defendants exercised sufficient authority over the terms and conditions of Plaintiffs' and the other class members' employment for them to be joint employers of Plaintiffs and the other class members.

25. Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

26. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

27. Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

28. Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

wages earned and for missed, late, and/or interrupted meal periods and rest breaks in violation of California law.

29.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked. Defendants' failure includes, *inter alia*, failing to compensate Plaintiff and the other class members for job duties performed before and/or after scheduled shifts including, but not limited to, waiting in line to clock in and responding to work related inquiries.

30.     Plaintiffs are informed and believes, and based thereon alleges, that Defendants failed to use the non-discretionary bonuses or other incentive-based compensation to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members earned non-discretionary bonuses or other incentive-based compensation and overtime wages in the same workweek.

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

32.     Plaintiffs are informed and believes, and based thereon alleges, that Defendants failed to relieve Plaintiffs and other class members of all duties, failed to relinquish control over Plaintiffs and the other class members' activities, failed to permit Plaintiffs and other class members a reasonable opportunity to take, and impeded or discouraged them from taking, thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

(6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

33.     Plaintiffs are informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted.

34.     Plaintiffs are informed and believes, and based thereon alleges, that Defendants failed to provide, authorize, and permit Plaintiffs and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) hour to fourteen (14) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

35.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed.

36.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a rest period was

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

missed, late, and/or interrupted, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed, late, and/or interrupted

37.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.  Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiffs and the other class members worked off-the-clock performing work duties.

38.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

39.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiffs and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

40.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to ///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

First Amended Class Action Complaint and Demand for Jury Trial

include the accurate total number of hours worked and the accurate net and gross wages actually earned by Plaintiffs and the other class members.

41.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.   Defendants' failure included, *inter alia*, the failure to keep accurate records of the hours worked by Plaintiffs and the other class members.

42.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to reimbursement for necessary business-related expenses.

43.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

44.    During the relevant time period, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all overtime hours worked. Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

45.    During the relevant time period, Defendants failed to use the non-discretionary bonuses or other incentive-based compensation to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned non-discretionary ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

bonuses or other incentive-based compensation and overtime wages in the same workweek.

46.    During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiffs and the other class members.

47.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

48.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

49.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

50.    During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

51.    During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

52.    During the relevant time period, Defendants failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

53.    During the relevant time period, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

54.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against JELD-WEN, INC. and DOES 1 through 100)**

55.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 54, and each and every part thereof with the same force and effect as though fully set forth herein.

56.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

57.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

58.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

59.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

///

1    60.    During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week, including but not limited to, waiting in line to clock in and responding to work related inquiries

61.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members.  Plaintiffs and the other class members did not receive overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work. By way of example, during the week of September 7, 2019, Plaintiff RIVERA was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day and/or forty (40) hours per week.  During the week of November 27, 2018, Plaintiff GONZALES was not compensated at an overtime rate for all time worked in excess of forty (40) hours per week. During the week of June 24, 2019, Plaintiff GUERRERO was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day. During the week of August 11, 2019, Plaintiff RUSSELL was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day and/or forty (40) hours per week. During the week of October 23, 2017, Plaintiff RAMOS was not compensated at an overtime rate for all time worked in excess of forty (40) hours per week.

62.    During the relevant time period, Defendants failed to use the non-discretionary bonuses or other incentive-based compensation to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned non-discretionary bonuses or other incentive-based compensation and overtime wages in the same workweek.

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

63.     Defendants' failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

64.     Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against JELD-WEN, INC. and DOES 1 through 100)

65.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 64, and each and every part thereof with the same force and effect as though fully set forth herein.

66.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants.

67.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

68.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

69.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

70.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

71.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

72.     During the relevant time period, Plaintiffs and the other class members' meal periods were missed, shortened, taken late, and/or were interrupted because Defendant required them to perform work duties including, but not limited to, waiting in line to clock in and out from meal periods and answering work related questions from supervisors and coworkers.

73.     As a result, Defendants failed to relieve Plaintiffs and other class members of all duties, failed to relinquish control over Plaintiffs and the other class members' activities, failed to permit Plaintiffs and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting more than five (5) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours.

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

74.    During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

75.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

76.    Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

77.    Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against JELD-WEN, INC. and DOES 1 through 100)

78.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

80.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

81.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

82.    During the relevant time period, Defendants required Plaintiffs and other class members to work three and one-half (3 ½) or more horus without authorizing or permitting an off-duty, net ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

83.    During the relevant time period, Plaintiffs and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties including, but not limited to, responding to work related questions and direction from supervisors and/or coworkers.  Additionally, Plaintiffs and other class members were not permitted to leave the premises during rest periods.  Defendants failed to authorize or permit Plaintiff and the other class members or failed to relinquish control over Plaintiff and the other class members' activities in order to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

84.    During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.  For example, throughout their employment with Defendants, although Plaintiffs were not authorized and permitted ot take full, uninterrupted, off-duty rest periods for each four hours worked, or a major fraction thereof, they were not provided with rest period premium payments.

///

85.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

86.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

87.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against JELD-WEN, INC. and DOES 1 through 100)

88.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

90.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties including, but not limited to, waiting in line to clock in and responding to work related inquiries.

91.    Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiffs and the other class members are

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

92.    Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

93.    Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against JELD-WEN, INC. and DOES 1 through 100)

94.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

96.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who were discharged, or who provided at least seventy-two (72) hours' notice of their intention to quit, their wages, earned and unpaid, immediately at the time of their discharge or separation.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

97.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

98.    Plaintiff was not paid at the time of his separation all wages earned and unpaid throughout his employment, including, but not limited to, minimum wages and overtime wages for time worked off-the-clock and meal and rest period premium payments for missed, short, late, and/or interrupted, meal and rest periods.

99.    Defendants' failure to pay Plaintiffs and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

100.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

101.    Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against JELD-WEN, INC. and DOES 1 through 100)

102.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 101, and each and every part thereof with the same force and effect as though fully set forth herein.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

103.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

104.   Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the accurate total number of hours worked by Plaintiffs and the other class members. As the employer willfully requiring work to be performed off-the-clock and failing to provide, authorize and/or permit compliant meal and rest periods or to pay all premium wages owed for such failure, Defendants has the information necessary to provide wage statements that accurately reflected the total number of hours actually worked and the actual gross and net wages earned, yet failed to do so on a systematic basis and instead provided wage statements that did not reflect the time worked off-the-clock or all meal and rest periods earned.

///

105.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights. Because Plaintiff and the other class members' wage statements did not reflect the accurate number of hours worked, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount.  In order to determine how much Plaintiff and the other class members should have been paid, Plaintiff and the other class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information.

106.    More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

107.    Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

108.    Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against JELD-WEN, INC. and DOES 1 through 100)

109.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 108, and each and every part thereof with the same force and effect as though fully set forth herein.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

110.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

111.   Plaintiff and the other class members incurred necessary business-related expenses and costs in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of Defendants throughout the duration of their employment that were not fully reimbursed by Defendants including, but not limited to, the purchasing and maintenance of specialty footwear in compliance with Defendants' uniform and/or dress code policies.

112.   Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

113.   Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

114.   Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against JELD-WEN, INC. and DOES 1 through 100)

115.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 114, and each and every part thereof with the same force and effect as though fully set forth herein.

///

116.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors.   Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

117.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

118.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.   In this instant case, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).   Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.   Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

119.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

120.   Plaintiffs and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

121.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences August 9, 2017; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

**(Violation of 15 U.S.C. § 1681)**

**(Against JELD-WEN, INC. and DOES 1 through 100)**

122.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 121, and each and every part thereof with the same force and effect as though fully set forth herein.

123.   Defendants are "persons" as defined by section 1681a(b) of the FCRA.

124.   Plaintiffs and the other class members are "consumers" within the meaning of section 1681a(c) of the FCRA because they are "individuals."

125.   A credit and background report qualifies as a "consumer report" within the meaning of Section 1681a(d)(1).

126.   Further, a credit and background report qualifies as an "investigative consumer report" within the meaning of Section 1681a(e).

127.   Section 1681(b)(2)(A) requires that a clear and conspicuous disclosure be made in writing:

Conditions for furnishing and using consumer reports for employment purposes

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i)     A clear and conspicuous disclosure has been made in writing to the consumer before the report is procured or cause to be procured, in a

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    document that consists solely of the disclosure, that a consumer report

2    may be obtained for employment purposes; and

3    (ii)    The consumer has authorized in writing (which authorization may be

4    made on the document referred to in clause (i)) the procurement of the

5    report by that person.

6    128.    Plaintiffs is informed and believes, and based thereon alleges, that in

7    evaluating Plaintiffs and the other class members for employment, Defendants

8    procured, or caused to be procured, consumer reports or investigative consumer

9    reports.

10    129.    Defendants failed to provide disclosures to Plaintiffs and the other class

11    members that were clear and conspicuous because the purported disclosures were

12    embedded with extraneous information, were not clear and unambiguous, were not

13    conspicuous, and/or were not in standalone documents.

14    130.    Under the FCRA, it is unlawful to procure, or cause to be procured, a

15    consumer report or investigative consumer report for employment purposes unless

16    the disclosure is made in a document that consists solely of the disclosure and the

17    consumer has authorized, in writing, the procurement of the report. The inclusion of

18    a release and/or other extraneous information therefore violates section

19    1681b(b)(2)(A) of the FCRA.

20    131.    Defendants' inclusion of a release and/or other extraneous information

21    with its purported disclosures was a willful violation section 1681b(b)(2)(A) of the

22    FCRA.

23    132.    Plaintiffs is informed and believes, and based thereon alleges, that

24    Defendants have a policy and practice of procuring, or causing to be procured,

25    consumer or investigative consumer reports for applicants and employees, including

26    Plaintiffs and the other class members, without informing them of their right to

27    request a summary of their rights under the FCRA at the same time as the disclosure

28    explaining that a report may be made.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

133.   Accordingly, Defendants willfully violated and continue to violate sections 1681b and 1681d of the FCRA.

134.   As a result of Defendants' unlawful procurement of consumer and/or investigative consumer reports by way of their inadequate disclosures, as set forth above, Plaintiffs and the other class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

135.   Plaintiffs and the other class members are entitled to all remedies available under 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

136.   In the alternative to Plaintiffs' allegation that these violations were willful, Plaintiffs alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. 1681o, including statutory damages and attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

## Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiffs be appointed as the representative of the Class;

3.   That counsel for Plaintiffs be appointed as Class Counsel; and

///

///

4.     That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.     For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other class members;

11.     That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7(c);

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.    For reasonable attorneys' fees and costs of suit incurred herein; and

16.    For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

17.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

18.    That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7(c);

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.    For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

24.    For general unpaid wages and such general and special damages as may be appropriate;

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

26.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

29.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

32.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and the other class members who have left Defendants' employ;

33.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.    For such other and further relief as the Court may deem just and proper.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Sixth Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

36.     For actual, consequential and incidental losses and damages, according to proof;

37.     For statutory penalties pursuant to California Labor Code section 226(e);

38.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

39.     For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

40.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

41.     For actual, consequential and incidental losses and damages, according to proof;

42.     For the imposition of civil penalties and/or statutory penalties;

43.     For reasonable attorneys' fees and costs of suit incurred herein; and

44.     For such other and further relief as the Court may deem just and proper.

///

///

///

///

1

**As to the Eighth Cause of Action**

2      45.    That the Court decree, adjudge and decree that Defendants violated

3 California Business and Professions Code sections 17200, et seq. by failing to

4 provide Plaintiffs and the other class members all overtime compensation due to

5 them, failing to provide all meal and rest periods to Plaintiffs and the other class

6 members, failing to pay at least minimum wages to Plaintiffs and the other class

7 members, failing to pay Plaintiffs' and the other class members' wages timely as

8 required by California Labor Code section 201, 202 and 204 and by violating

9 California Labor Code sections 226(a), 1174(d), 2800 and 2802.

10      46.    For restitution of unpaid wages to Plaintiffs and all the other class

11 members and all pre-judgment interest from the day such amounts were due and

12 payable;

13      47.    For the appointment of a receiver to receive, manage and distribute

14 any and all funds disgorged from Defendants and determined to have been

15 wrongfully acquired by Defendants as a result of violation of California Business

16 and Professions Code sections 17200, et seq.;

17      48.    For reasonable attorneys' fees and costs of suit incurred herein

18 pursuant to California Code of Civil Procedure section 1021.5;

19      49.    For injunctive relief to ensure compliance with this section, pursuant

20 to California Business and Professions Code sections 17200, et seq.; and

21      50.    For such other and further relief as the Court may deem just and

22 proper.

23

**Ninth Cause of Action**

24      51.    That the Court declare, adjudge and decree that Defendants willfully

25 violated California 15 U.S.C. § 1681b by failing to provide the required disclosure

26 and/or by failing to obtain authorization prior to procuring, or causing to be

27 procured, consumer reports regarding Plaintiffs and the other class members;

28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

52.   For actual damages and/or statutory damages pursuant to 15 U.S.C. § 1681n;

53.   For punitive damages pursuant to 15 U.S.C. § 1681n;

54.   For actual damages pursuant to 15 U.S.C. § 1681o;

55.   For reasonable attorneys' fees and costs of suit incurred herein; and

56.   For such other and further relief as the Court may deem just and proper.

Dated: December 3, 2021

**LAWYERS** *for* **JUSTICE, PC**

By: _____

Edwin Aiwazian
*Attorneys for* Plaintiffs

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203